1  Howard O. Boltz, Jr. (#070212)
   BRYAN CAVE, LLP
2  120 Broadway, Suite 300
   Santa Monica, California 90401-2305
3  Telephone: (310) 576-2100
   Facsimile: (310) 576-2200
4
   Terry E. Fenzl (pro hac vice)
5  C. Mark Kittredge (pro hac vice)
   Andrew Y. Chiu (pro hac vice)
6  BROWN & BAIN, P.A.
   Post Office Box 400
7  Phoenix, Arizona 85001-0400
   Telephone: (602) 351-8000
8  Facsimile: (602) 351-8516

9  Attorneys for Nullsoft, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| PLAYMEDIA SYSTEMS, INC., a California corporation; and ADVANCED MULTIMEDIA PRODUCTS, a partnership,<br><br>Plaintiffs,<br><br>vs.<br><br>NULLSOFT, INC., an Arizona corporation; JUSTIN FRANKEL, an individual; MP3.com, INC.; and DOES 1-10, inclusive,<br><br>Defendants.<br><br>NULLSOFT, INC., an Arizona corporation,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>PLAYMEDIA SYSTEMS, INC., a California corporation; and ADVANCED MULTIMEDIA PRODUCTS, a partnership,<br><br>Counterclaim Defendants,<br><br>and<br><br>BRIAN LITMAN and TOMISLAV UZELAC,<br><br>Counterclaim Third-Party Defendants. | No. 99-02494 AHM (Mcx)<br><br>[PROPOSED]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**Date:** None<br><br>**Time:** None<br><br>**Courtroom:** 14, Hon. A. Howard Matz |

FILED
CLERK, U.S. DISTRICT COURT
MAY 24 1999
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Sent

ENTERED ON ICMS
5/27/99

The parties have advised the Court that discovery is likely to result in the disclosure of confidential or proprietary information as to which the producing party has a legitimate interest in preventing improper use and unnecessary disclosure, and that a protective order would be appropriate. Therefore, upon stipulation of the parties and good cause appearing,

IT IS HEREBY ORDERED:

1. As used in this Protective Order, the term "Discovery Material" shall mean all tangible and intangible information delivered or exchanged formally or informally in the process of disclosure, discovery or otherwise in connection with this action, including but not limited to: any type of document; any taped, recorded, filmed, written or typed matter; any data or information stored electronically; any deposition testimony; and any interrogatory, document request, or request for admission, or any response thereto.

2. As used in this Protective Order, the term "this action" shall mean the above-captioned lawsuit and no other proceeding.

3. As used in this Protective Order, the term "Confidential Information" shall mean all Discovery Material that is so designated by the producing party at the time of production (or within the period specified in paragraph 12 as to transcripts) by affixing at least the legend "CONFIDENTIAL INFORMATION" onto each page intended to be so designated. Discovery Material that is produced in a form other than on paper shall be so designated by affixing such legend to the storage device (e.g., tape cassette, diskette or removable storage cartridge) on which the information is produced and such legend shall be deemed to apply to all information stored on that device.

4. As used in this Protective Order, the term "Confidential Information—Attorneys Only" shall mean all Discovery Material that is so designated by the producing party at the time of production (or within the period specified in paragraph 12 as to transcripts) by affixing at least the legend "CONFIDENTIAL INFORMATION—ATTORNEYS ONLY" on each page intended to be so designated. Discovery Material that is produced in a form other than hard copy shall be so designated by affixing such legend to the storage device (e.g., tape cassette, diskette or removable

storage cartridge) on which the information is produced and such legend shall be deemed to apply to all information stored on that device. Discovery Material may be so designated if it:

    (a)    constitutes or discloses Confidential Information of another person or entity that is subject to a legal obligation on the part of the producing party to protect the confidentiality of such information; or

    (b)    constitutes or discloses information regarding any of the producing party's business strategies or other commercial information (including without limitation cost, profit and sales data); or

    (c)    constitutes or discloses trade secrets, source code, software development or other technical or design information of the producing party's products or potential products.

5.    In the absence of written permission from the producing party or an order of this Court, no Confidential Information shall be shown, nor shall the form or substance of the contents thereof be disclosed to or discussed with, any person other than:

    (a)    outside counsel for the parties, including necessary support personnel;

    (b)    court reporters taking testimony involving such Confidential Information and their support personnel;

    (c)    outside experts who are engaged for the purpose of this action by the party receiving such information and their support personnel, but only after compliance with the provisions of paragraph 7 below;

    (d)    the following designated representatives of Nullsoft, Inc.: Charles Frankel, Justin Frankel, Rob Lord and Rex Manz;

    (e)    the following designated representatives of PlayMedia Systems, Inc. ("PlayMedia"): Brian Litman and Tomislav Uzelac;

    (f)    the following designated representatives of MP3.com, Inc.: Steve Przesmicki, Michael Robertson and Joshua R. Beck;

    (g)    persons before whom the parties have agreed to mediate;

    (h)    anyone else to whom all parties consent in writing.

6. In the absence of written permission from the producing party or an order of this Court, no Confidential Information—Attorneys Only shall be shown, nor shall the form or substance of the contents thereof be disclosed to or discussed with, any person other than:

    (a) outside counsel for the parties, including necessary support personnel of counsel;

    (b) court reporters taking testimony involving such Confidential Information—Attorneys Only and their support personnel;

    (c) outside experts who are engaged for the purpose of this action by the party receiving such information and their support personnel, but only after compliance with the provisions of paragraph 7 below;

    (d) persons before whom the parties have agreed to mediate; and

    (e) anyone else to whom all parties consent in writing.

7. No Confidential Information or Confidential Information—Attorneys Only shall be shown by the receiving party to any outside expert or such expert's support personnel until five (5) business days after written notice shall have been given to counsel for the producing party that such information is intended to be provided to the expert, which notice shall provide the name, address, and the name and address of every employer from 1994 to the present, and then only if the producing party shall not have moved for a protective order precluding the disclosure of the information to the designated expert. The notification to outside experts required under paragraphs 5, 6 and 7 need only be given once with respect to each outside expert and, if the producing party does not timely move for a protective order precluding the disclosure to that expert, all Confidential Information and Confidential Information—Attorneys Only may be disclosed to that expert. PlayMedia need not comply with this provision with respect to Professor Walter J. Karplus and Dr. Brian Billett.

8. Confidential Information or Confidential Information—Attorneys Only shall not be made available to any person otherwise qualified to receive such information under the terms of this Protective Order unless he or she shall have first read this Order and shall have completed and signed the Confidentiality Undertaking attached as Exhibit A hereto. The party securing such a

Confidentiality Undertaking from a person under this paragraph shall serve a copy of such Undertaking on all parties to this action.

9. No Confidential Information or Confidential Information—Attorneys Only shall be used by any recipient, nor shall the form or substance of the contents thereof be disclosed to or discussed with anyone for any purpose other than a person qualified to receive such material under the terms and conditions set forth herein, and shall not be communicated in any manner, directly or indirectly, to anyone other than a person qualified to receive such material under the terms and conditions set forth herein, unless and until the restrictions herein are modified by order of this Court.

10. In the event any Confidential Information or Confidential Information—Attorneys Only is included with, or the contents thereof are in any way discussed, characterized, referred to or disclosed in any pleading, motion, deposition, transcript or other paper filed with the Clerk of this Court, the Confidential Information or Confidential Information—Attorneys Only shall be filed and kept under seal by the Clerk of this Court and shall not be available to the public unless and until further order of this Court.

11. Nothing herein shall restrict any person who is qualified to receive Confidential Information or Confidential Information—Attorneys Only from making working copies, abstracts, digests or analyses of such information for use in connection with this action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this Protective Order. Further, nothing herein shall restrict a qualified recipient from converting or translating such information into machine-readable form for incorporation in a data retrieval system used in connection with this action, provided that access to such information, in whatever form stored or reproduced, shall be limited to persons qualified to receive such information.

12. Any deposition transcript may be designated as Confidential Information or Confidential Information—Attorneys Only either on the record or by written notice to the other parties to this action within thirty (30) days after receipt of the transcript by the party making the designation. Until such thirty (30) day period shall have expired, all transcripts shall be treated as if

designated in their entirety as Confidential Information—Attorneys Only. If any part of a transcript is so designated, an appropriate legend shall be placed on the cover of the transcript and on each page so designated.

13. Any party may challenge a designation of Discovery Material as Confidential Information or Confidential Information—Attorneys Only. The party challenging such designation has the burden of filing a motion in compliance with all Local Rules and obtaining a hearing of such motion. In connection with such motion, the moving party shall have the burden of establishing that the Confidential Information or Confidential Information—Attorneys Only (i) was, is or has become public knowledge without violation of this Protective Order and without violation of law or breach of any duty or obligation owed to the party asserting confidential status; or (ii) has been acquired from a third party lawfully possessing such information and having no obligation to maintain the information in confidence; (iii) was lawfully possessed by the receiving party and without any confidentiality restriction prior to its production during discovery in this action; or (iv) is not actually privileged under applicable law. Pending determination of any such motion by the Court, material designated as confidential shall be treated as provided in this Protective Order.

14. Nothing in this Protective Order shall limit the right of any person to seek judicial review or to pursue other appropriate judicial action to seek a modification or amendment of this order.

15. In the event any party other than the producing party is requested to disclose any Confidential Information or Confidential Information—Attorneys Only by any subpoena, investigative demand or other legal process, the receiving party shall immediately provide the producing party with notice of that request so the producing party may seek a protective order or other appropriate remedy and shall refrain from disclosing any such information unless the producing party provides written notice of intent not to seek a protective order or other remedy.

16. Within sixty (60) days after final termination of this action, each party shall either (i) return all Confidential Information and Confidential Information—Attorneys Only to the producing party; or (ii) destroy all such material and so certify in writing to the producing party.

1  Outside counsel of record for each party may retain all pleadings, motion papers, legal memoranda,
2  correspondence and work product.
3      17.   Any party or non-party who produces Discovery Material in connection with this
4  action may obtain the protection provided by this order by designating the Discovery Material in
5  accordance with the provisions of this Order.
6  May 21, 1999.

GRADSTEIN, LUSKIN & VAN DALSEM

By _____
   Henry D. Gradstein
   Bruce E. Van Dalsem
   Edward J. Slizewski
12100 Wilshire Boulevard
Los Angeles, California 90025-7103

Attorneys for Plaintiffs PlayMedia Systems, Inc.
and Advanced Multimedia Products


BROWN & BAIN, P.A.


By  SEE NEXT PAGE
   Terry E. Fenzl
   C. Mark Kittredge
   Andrew Y. Chiu
2901 North Central Avenue
Post Office Box 400
Phoenix, Arizona 85001-0400

Howard O. Boltz, Jr.
BRYAN CAVE, LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2305

Attorneys for Defendant Nullsoft, Inc.

COOLEY GODWARD LLP


By  SEE NEXT PAGE
   Michael G. Rhodes
4365 Executive Drive, Suite 1100
San Diego, California 92121-2128

Attorneys for Defendant MP3.com, Inc.

IT IS SO ORDERED
_____
May 26, 1999
United States District Judge

-6-

Outside counsel of record for each party may retain all pleadings, motion papers, legal memoranda, correspondence and work product.

17. Any party or non-party who produces Discovery Material in connection with this action may obtain the protection provided by this order by designating the Discovery Material in accordance with the provisions of this Order.

May 21, 1999.

GRADSTEIN, LUSKIN & VAN DALSEM

By _____
    Henry D. Gradstein
    Bruce E. Van Dalsem
    Edward J. Slizewski
12100 Wilshire Boulevard
Los Angeles, California 90025-7103

Attorneys for Plaintiffs PlayMedia Systems, Inc. and Advanced Multimedia Products

BROWN & BAIN, P.A.

By _/s/ Terry E. Fenzl_____
    Terry E. Fenzl
    C. Mark Kittredge
    Andrew Y. Chiu
2901 North Central Avenue
Post Office Box 400
Phoenix, Arizona 85001-0400

Howard O. Boltz, Jr.
BRYAN CAVE, LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2305

Attorneys for Defendant Nullsoft, Inc.

COOLEY GODWARD LLP

By _____
    Michael G. Rhodes
4365 Executive Drive, Suite 1100
San Diego, California 92121-2128

Attorneys for Defendant MP3.com, Inc.

-6-

1  Outside counsel of record for each party may retain all pleadings, motion papers, legal memoranda, correspondence and work product.

2  17. Any party or non-party who produces Discovery Material in connection with this action may obtain the protection provided by this order by designating the Discovery Material in accordance with the provisions of this Order.

May 21, 1999.

GRADSTEIN, LUSKIN & VAN DALSEM

By _____
Henry D. Gradstein
Bruce E. Van Dalsem
Edward J. Slizewski
12100 Wilshire Boulevard
Los Angeles, California 90025-7103

Attorneys for Plaintiffs PlayMedia Systems, Inc. and Advanced Multimedia Products

BROWN & BAIN, P.A.

By _____
Terry E. Fenzl
C. Mark Kittredge
Andrew Y. Chiu
2901 North Central Avenue
Post Office Box 400
Phoenix, Arizona 85001-0400

Howard O. Boltz, Jr.
BRYAN CAVE, LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2305

Attorneys for Defendant Nullsoft, Inc.

COOLEY GODWARD LLP

By _____
Michael G. Rhodes
4365 Executive Drive, Suite 1100
San Diego, California 92121-2128

Attorneys for Defendant MP3.com, Inc.

1  IT IS SO ORDERED:
2      Dated this _____ day of _____, 1999.
3
4                                              _____
5                                              HONORABLE A. HOWARD MATZ
                                               UNITED STATES DISTRICT COURT JUDGE

**EXHIBIT A - CONFIDENTIALITY UNDERTAKING**

1. I have read and understand the attached Stipulated Protective Order re: Confidential Information that has been entered in PLAYMEDIA SYSTEMS, INC., ET. AL. v. NULLSOFT, INC., ET. AL., Cause No. 99-02494 AHM (Mcx) in the U.S. District Court for the Central District of California, Western Division.

2. I understand that I may be given access to Confidential Information or Confidential Information—Attorneys Only, and in consideration of that access, I agree that I shall be bound by all the terms of the Protective Order.

3. I understand that I am to retain all originals and copies of Confidential Information or Confidential Information—Attorneys Only in a secure manner and that all copies will be returned or destroyed within sixty (60) days after termination of this action.

4. I understand that I will not disclose or discuss Confidential Information or Confidential Information—Attorneys Only with any person other than those persons who have signed Confidentiality Undertakings and only to the extent that such persons are permitted to have access to such material pursuant to the terms of the attached Protective Order.

5. I understand that all Confidential Information or Confidential Information—Attorneys Only shall be used solely for the purposes of this action and shall not, directly or indirectly, be used for any other purpose and that any use of Confidential Information or Confidential Information—Attorneys Only, or any information obtained therefrom, in any manner contrary to the provisions of the Protective Order will subject me to the sanctions of the Court.

Signature: _____

Name: _____

Company or Institution: _____

Position: _____

Address: _____

Date: _____

34784_3